FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 11, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHRISTOPHER LEON SMITH,<br><br>    Petitioner,<br><br>  v.<br><br>CUS ADAMS and ROB JACKSON,<br><br>    Respondents. | NO: 2:25-CV-0153-TOR<br><br>ORDER DISMISSING ACTION |

Petitioner, a prisoner at the Washington State Penitentiary, submitted this *pro se* Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 on May 12, 2025. ECF No. 1. He has paid the $5.00 filing fee. Respondents have not been served.

As an initial matter, 28 U.S.C. § 2254 would be the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction. *White v. Lambert,* 370 F.3d 1002, 1009-10 (9th Cir. 2004), overruled on other grounds by *Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc), overruled

ORDER DISMISSING ACTION -- 1

on other grounds by *Swarthout v. Cooke*, 562 U.S. 216 (2011). Even if brought under § 2254, however, this petition does not challenge a harm that falls within "the core of habeas corpus." *See Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016). Petitioner does not seek his "immediate or more speedy release" from confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973). Therefore, for the reasons set forth below, the petition will be dismissed.

Petitioner indicates that he is serving a 2009 Pierce County sentence. ECF No. 1 at 1. Nevertheless, his allegations challenge the conditions of his confinement, rather than his conviction and sentence. As relief he requests his "release" to BAR units or to a facility where his diabetes can be regulated, and the restoration of privileges. *Id.* at 7. He also seeks unspecified monetary damages and to enjoin retaliation. *Id.* Damages, however, are not an available remedy in the federal habeas corpus context. *See Nelson v. Campbell*, 541 U.S. 637, 646 (2004) (noting that "damages are not an available habeas remedy").

Petitioner asserts, "after serving pending houseing review no privilleges, no recreation A.D.A. Diedbeatis violation no walker, molding cell, no realease to BAR units or transfer. I have Diedbeatis low imune system." *Id.* at 1 (as written in original). He seems to challenge the diabetic care he is receiving, claiming it is in retaliation for a lawsuit he filed asserting hazardous living conditions. *Id.* at 2. He claims that the Unit Supervisor, C.U.S. Adams, "allowed no level no privileges no

A.D.A. rights to regulate exercise in yard with my walker." *Id.* He asserts that since April 22, 2025, he has received no response. *Id.*

By this action, Plaintiff asserts hazardous living conditions, including the presence of black mold in his cell, although he also indicates his A.D.A. cell was "bleached" on April 25, 2025, and he filed a grievance. *Id.* at 6. Petitioner declares that he is an insulin-dependent, type 2 diabetic. *Id.* He claims that since his "arrival" on April 22, 2025, he has not been given his morning insulin injections until after 8:30, and he has not been allowed to use his walker to regulate his diabetes. *Id.* He indicates that the walker has been "put in my property." *Id.* He contends that CUS Adams refuses to allow Petitioner to participate in programs and services. *Id.* at 7. Attachments to the petition indicate that Petitioner was placed in administrative segregation for fighting on March 18, 2025. *Id.* at 9-10.

Petitioner is challenging the conditions of his confinement, rather than the duration of his confinement. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991). Therefore, a habeas corpus petition is not the appropriate mechanism for bringing his claims. A "challenge [to] disciplinary procedures having only a speculative or incidental effect on the length of [prisoner's] sentence" is not "close to the core of habeas corpus," and is cognizable under section 1983. *Sisk v. CSO Branch*, 974 F.2d 116, 117 18 (9th Cir. 1992) (*quotations omitted*).

1   Because Petitioner is not challenging his conviction or sentence, his proper
2   remedy lies in an action under 42 U.S.C. § 1983.  *See Sisk,* 974 F.2d at 117.  The
3   Court, however, will not convert Petitioner's action into an action under 42 U.S.C.
4   § 1983 for the reasons that follow.

5   There are substantial differences in the filing fees owed in habeas actions and
6   in civil rights actions.  *See* 28 U.S.C. § 1914(a).   Habeas and § 1983 claims are
7   subject to different exhaustion requirements and a litigant's failure to properly
8   exhaust a § 1983 claim could result in dismissal.  *See Nettles*, 830 F.3d at 932 n. 8
9   ("The procedural requirements imposed by AEDPA and the PLRA are distinct in
10  substantial respects.").

11  In addition, § 1983 claims are subject to the Prison Litigation Reform Act's
12  ("PLRA") three strikes rule. *See Coleman v. Tollefson*, 575 U.S. 532, 534 (2015)
13  (quoting 28 U.S.C. § 1915(g) and explaining "a special 'three strikes' provision
14  prevents a court from affording *in forma pauperi*s status where the litigant is a
15  prisoner and he or she 'has on 3 or more occasions, while incarcerated ..., brought
16  an action or appeal in a court of the United States that was dismissed on the
17  grounds that it is frivolous, malicious, or fails to state a claim upon which relief
18  may be granted.").  Therefore, the Court will not convert this action into one under
19  42 U.S.C. § 1983.
20

ORDER DISMISSING ACTION -- 4

Because Petitioner's claims do not lie at "the core of habeas corpus," he may not proceed with this habeas action against the named Respondents. If Petitioner wishes to file a new and separate civil rights complaint he may do so. He will then be subject to the filing and *in forma pauperis* requirements of the PLRA.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. The Petition, ECF No. 1, is **SUMMARILY DISMISSED** under Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, but **without prejudice** to Mr. Smith filing a new and separate action under 42 U.S.C. § 1983.

2. The Court certifies that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

The Clerk of Court is directed to enter this Order, **enter judgment**, provide copies to Petitioner, and **CLOSE** the file.

**DATED** June 11, 2024.



THOMAS O. RICE
United States District Judge